# EXHIBIT B

## IN THE CIRCUIT CIVIL COURT IN AND FOR
## MIAMI-DADE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:

**ARMANDO BANEGAS GUEVARA**, and all others similarly situated under 29 U.S.C. § 216(b),

   Plaintiff,

      vs.

**LAFISE CORP.,** a corporation,
**ROBERT ZAMORA SR.,** an individual, and
**MARIA J. ZAMORA**, an individual,

   Defendants.
_____/

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME VIOLATIONS

Plaintiff, **ARMANDO BANEGAS GUEVERA**, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Complaint against Defendants **LAFISE CORP., ROBERT ZAMORA SR., and MARIA J. ZAMORA**, and alleges:

### JURISDICTION AND VENUE

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. This Court has jurisdiction concurrent with the Federal Courts under 29 U.S.C. § 216(B).

3. This case involves damages in excess of $30,000, exclusive of attorney's fees and costs.

4. The Plaintiff, ARMANDO BANEGAS GUEVERA, was a resident of Miami-Dade County, Florida at the time the dispute arose and is *sui juris*.

5. The Defendant LAFISE CORP., regularly transacts business in the Southern District of

Florida. The Defendant Corporation was the Plaintiff's FLSA employer during Plaintiff's relevant period of employment ("the relevant time period"). A substantial portion of Plaintiff's wages were paid by the Defendant Corporate for the relevant time period.

6. The Defendant ROBERT ZAMORA SR. is a corporate officer and owner and manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was, therefore, Plaintiff's employer as defined by 29 U.S.C. § 203(d), and otherwise controlled Plaintiff's work and paid Plaintiff wages for the relevant time period.

7. The Defendant MARIA J. ZAMORA is a corporate officer and owner and manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was, therefore, Plaintiff's employer as defined by 29 U.S.C. § 203(d), and otherwise controlled Plaintiff's work and paid Plaintiff wages for the relevant time period.

8. Venue is proper in this Court because Plaintiff was a resident of Miami-Dade County, Florida, at the time the dispute arose, the Defendants do business in the Miami-Dade County, Florida, and the events giving rise to these claims occurred within Miami-Dade County, Florida.

9. Plaintiff worked for Defendants as a cleaner and maintenance operator at Defendants home from on or about May 15, 2004 through on or about the present day.

10. 29 U.S.C. 202 (a) states "[t]hat Congress further finds that the employment of persons in domestic service in households affects commerce." As Plaintiff was employed by Defendant

as a domestic service employee working at Defendants' home, Plaintiff's work for Defendant is covered under the Fair Labor Standards Act.

11. 29 C.F.R. 552.99 states "Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce (S. Rep. 93-690, pp. 21-22). The Senate Committee on Labor and Public Welfare "took note of the expanded use of the interstate commerce clause by the Supreme Court in numerous recent cases (particularly *Katzenbach v. McClung*, 379 U.S. 294 (1964))," and concluded "that coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act" (S. Rep. 93-690, pp. 21-22)."

12. The acts and/or omissions giving rise to this Complaint arose in Miami Dade County, Florida.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

13. Plaintiff re-alleges the factual and jurisdictional statements in paragraphs 1 through 12 as though fully set forth herein.

14. This action arises under the laws of the United States.  This case is brought as a collective action under 29 U.S.C. § 216(b).  It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this Complaint back three years.

15. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

16. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

17. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce as Plaintiff did; thus, making Defendants' business an enterprise covered under the Fair Labor Standards Act.

18. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2017, 2018, and 2019.

19. Upon information and belief, the Defendant Corporation will have gross sales or business done in excess of $500,000 annually for the year 2020.

20. Plaintiff worked for Defendants as a cleaner and maintenance operator providing cleaning services at the home of Defendants.  He was paid approximately $700 per week from May 15, 2004 through on or about May 27, 2020.

21. 29 U.S.C. 202 (a) states "[t]hat Congress further finds that the employment of persons in domestic service in households affects commerce." As Plaintiff was employed by Defendant as a domestic service employee working at Defendants' home, Plaintiff's work for Defendant is covered under the Fair Labor Standards Act.

22. 29 C.F.R. 552.99 states "Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce (S. Rep. 93-690, pp. 21-22). The Senate Committee on Labor and Public Welfare "took note of the expanded use of the interstate commerce clause by the Supreme Court in numerous recent cases (particularly *Katzenbach v. McClung*, 379 U.S. 294 (1964))," and concluded "that coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act" (S. Rep. 93-690, pp. 21-22)."

23. Throughout his employment with Defendants, from on or about May 15, 2004 through on or about May 27, 2020, Plaintiff worked approximately 57 hours per week.  When the hours

are divided into his weekly pay, Plaintiff was paid an average of approximately $12.28 per hour.

24. From on or about May 28, 2020 through on or about July 25, 2020. Plaintiff was paid approximately $700 per week plus an additionally $750 for this time period.

25. From on or about May 28, 2020 through on or about July 25, 2020, Plaintiff worked approximately 66.5 hours per week. When the hours are divided into his weekly pay, Plaintiff was paid an average of approximately $11.65 per hour.

26. The Plaintiff was not paid overtime for any hours over 40 hours per week, so he is owed half time for all hours he worked over forty each week, as required by the Fair Labor Standards Act.  Plaintiff, therefore, claims the half time overtime rate for each hour he worked above 40 in a week.

27. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act.  Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants through Plaintiff's termination of employment which has not yet occurred.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, Plaintiff requests liquidated damages and reasonable attorney fees from Defendants, jointly and severally, under the Fair Labor Standards Act (FLSA) to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. **The Plaintiff requests a trial by jury.**

        Respectfully submitted,

        J.H. Zidell, Esq.
        J.H. Zidell, P.A.
        Attorney for Plaintiff
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167
        Email: ZABOGADO@AOL.COM

        By:__/s/ J.H. Zidell_____
        J.H. Zidell, Esq.
        Florida Bar Number: 0010121