**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:20-cv-23658-AHS

ARMANDO BANEGAS GUEVARA,
and all others similarly situated
under 29 U.S.C. § 216(b),

    Plaintiff,

v.

LAFISE CORP., a corporation,
ROBERT ZAMORA SR., an individual, and
MARIA J. ZAMORA, an individual,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Lafise Corp. ("Lafise")[1], Robert Zamora, Sr. ("Mr. Zamora") and Maria J. Zamora ("Mrs. Zamora") (collectively, "Defendants"), by and through their undersigned counsel, answer Plaintiff, Armando Banegas-Guevara's ("Plaintiff") Complaint as follows:

### JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint characterizes this action and no response is required. To the extent that a response is required, Defendants admit that Plaintiff purports to bring this action pursuant to 29 U.S.C. §§ 201-216, but deny that Plaintiff is entitled to any relief in this action.

2. The allegations contained in Paragraph 2 of the Complaint call for a legal

---

[1] The Complaint identifies Lafise Corp. (USA) as Mr. Guevara's employer, and purported served Lafise Corp. (USA) at the residence of the Zamora's. However, Defendants reserve their right to show Lafise Corp. (USA) was not properly named as a Defendant party in the matter. Lafise Corp. (USA) further reserves the right to challenge service in this matter.

conclusion to which no response is required. To the extent a response is required, Defendants admit this Court's jurisdiction over the claims asserted by Plaintiff in this Action. Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants are without knowledge sufficient to admit or deny the allegations contained in Paragraph 4 of the Complaint.

5. The allegation of whether Lafise was Plaintiff's FLSA employer calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny said allegation. Defendants also deny the remaining allegations contained in Paragraph 5 of the Complaint.

6. The allegations contained in Paragraph 6 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. The allegations contained in Paragraph 7 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit that venue is proper in Miami-Dade County, but deny all other allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit that Plaintiff was employed as a cleaner and maintenance operator by Mr. and Mrs. Zamora during the dates indicated, but otherwise deny the allegations contained in Paragraph 9 of the Complaint.

10. The allegations contained in Paragraph 10 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendants

deny the allegations contained in Paragraph 10 of the Complaint.

11. The allegations contained in Paragraph 11 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit that venue is proper in Miami-Dade County, but deny all other allegations contained in Paragraph 12 of the Complaint.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

13. Defendants reallege and adopt their responses to Paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14. Paragraph 14 of the Complaint characterizes this action and no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 14.

15. The allegations contained in Paragraph 15 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants state that the quoted section of the United States Code speaks for itself, and denies all other allegations contained in Paragraph 15 of the Complaint.

16. The allegations contained in Paragraph 16 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. The allegations contained in Paragraph 17 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit that Plaintiff was employed as a cleaner and maintenance operator by Mr. and Mrs. Zamora, but otherwise deny the allegations contained in Paragraph 20 of the Complaint.

21. The allegations contained in Paragraph 21 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. The allegations contained in Paragraph 22 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

In response to the unnumbered WHEREFORE clause following Paragraph 27 of the Complaint, Defendants admit that Plaintiff seeks the relief set forth therein, but deny that Plaintiff is entitled to any relief whatsoever in this action. Additionally, Defendants deny that there are any issues to be tried to a jury.

## **GENERAL DENIAL**

Except as otherwise expressly stated herein, Defendants deny each and every allegation in the Complaint, including, without limitation, any allegations contained in the Complaint's

introductory paragraph, headings, "wherefore" clause, and demands for relief. Defendants expressly reserve their right to seek to amend and/or supplement their Answer as may be necessary.

## DEFENDANTS' DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

### SECOND DEFENSE

To the extent that Plaintiff establishes any failure on Defendants' part to pay wages, which failure Defendants deny, Plaintiff is not entitled to liquidated damages because any acts or omissions by Defendants giving rise to this action were taken in good faith, and Defendants had, and have had, reasonable grounds for believing that their acts or omissions, if any, were not in violation of the FLSA.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations (including but not limited to 29 C.F.R. § 778.309), orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, or specific guidance provided by its District Offices.

### FOURTH DEFENSE

Plaintiff has waived and/or is estopped from asserting FLSA claims to the extent they are based on an alleged failure to pay wages because he did not timely advise Defendants of any

alleged mistakes in payment, underpayment, or failure by Defendants to adhere to agreed-upon compensation, or because he has already received all the compensation to which he is entitled under the FLSA.

### FIFTH DEFENSE

Plaintiff's claims for unpaid wages are barred because Defendants did not suffer or permit the alleged hours to be worked.

### SIXTH DEFENSE

Plaintiff is not entitled to recover any alleged unpaid wages for any periods of time which were *de minimis*.

### SEVENTH DEFENSE

To the extent Plaintiff's claims are barred, either in whole or in part, by any applicable limitations period, Plaintiff is precluded from recovering on those claims.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the statute of limitations for non-willful actions to the extent the Complaint is based upon conduct which occurred more than two (2) years before the filing of the Complaint.

### NINTH DEFENSE

Any acts or omissions by Defendants were not willful. Nevertheless, to the extent the Complaint is based upon conduct which occurred more than three (3) years before the filing of the Complaint, Plaintiff's claims are barred by the statute of limitations for willful actions.

### TENTH DEFENSE

To the extent Plaintiff's claims are barred, either in whole or in part, by failure to fulfill a condition precedent, Plaintiff is precluded from recovering on those claims.

## ELEVENTH DEFENSE

Without admitting that Plaintiff is entitled to any damages, Defendants are entitled to a set-off for the monies Plaintiff was overpaid.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the work he performed falls within exemptions, exceptions, or exclusions provided under the FLSA, 29 U.S.C. § 201, *et seq.,* including those exemptions contained in Section 13(a) and/or (b) of the FLSA.

## FIFTEENTH DEFENSE

Plaintiff's claims, including claims brought on behalf of purported similarly situated employees, are barred in whole or in part by the doctrines of waiver, estoppel, laches, ratification, acquiescence, unclean hands, accord and satisfaction, payment, and release.

## SIXTEENTH DEFENSE

Defendants assert that Plaintiff's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which he was engaged in activities which were preliminary or postliminary to his principal activities.

## SEVENTEENTH DEFENSE

Plaintiff is not an adequate representative for the putative collective action class, and lacks standing to assert his claims on behalf of the putative class.

## EIGHTEENTH DEFENSE

Plaintiff cannot satisfy the requirements for a collective action.

## NINETEENTH DEFENSE

Plaintiff has not adequately defined the putative class members and no such individuals are similarly situated to Plaintiff.

### TWENTIETH DEFENSE

Plaintiff's claims are barred to the extent that he did not work more than 40 hours in one work-week, was compensated at or in excess of proper minimum wage rate and/or was properly compensated for all hours worked.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Defendants had adequate and appropriate time keeping policies and practices, and Plaintiff failed to comply with same.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred to the extent that the Defendants did not know, and should not have reasonably known, that overtime was being worked by Plaintiff, to the extent that any overtime was worked.

### TWENTY-THIRD DEFENSE

Plaintiff is barred from recovering attorneys' fees to the extent he failed to provide a specific pre-suit demand prior to filing the lawsuit.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by any exemptions, exclusions, exceptions, or credits provided in Section 7 of the FLSA, 29 U.S.C. § 207.

### TWENTY-FIFTH DEFENSE

All or part of the time which Plaintiff or any purported similarly situated employees seek compensation does not constitute compensable working time, including all meal periods in accordance with 29 C.F.R. § 785.19.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part under the FLSA because Plaintiff's work did not involve interstate commerce and Plaintiff was not engaged in commerce or in the production of goods for commerce.

## RESERVATION OF RIGHT TO SUPPLEMENT DEFENSES

The facts having not been fully developed, Defendants reserve their right to supplement this Answer and Affirmative Defenses as discovery proceeds to affirmatively plead any additional defenses that may become applicable to this action.

**WHEREFORE**, having answered Plaintiff's Complaint herein, and having raised affirmative defenses thereto, Defendants respectfully request that the Court enter an Order: (1) dismissing Plaintiff's Complaint with prejudice; (2) entering final judgment in favor of Defendants; (3) awarding Defendants its costs and attorneys' fees incurred in defending this action; and (4) awarding Defendants such other and further relief as the Court deems just and proper.

Dated: September 22, 2020        Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Counsel for Defendants*
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717


By:*/s/ Patrick F. Martin*
PATRICK F. MARTIN
Florida Bar No. 998729
martinpa@gtlaw.com
JOSE D. VAZQUEZ
Florida Bar No. 116269
vazquezjo@gtlaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 22, 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which system will send notification of such filing to all counsel of record.

>*/s/ Patrick F. Martin*
>PATRICK F. MARTIN