UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23658-CIV-SINGHAL

ARMANDO BANEGAS GUEVARA,
and all others similarly situated
under 29 U.S.C. § 216(b),

    Plaintiff,

v.

LAFISE CORP., LATIN AMERICAN
FINANCIAL SERVICES, INC.,
ROBERT ZAMORA SR., and
MARIA J. ZAMORA,

    Defendants.
_____/

## OPINION AND ORDER

**THIS CAUSE** is before the Court upon Defendants' Motion for Summary Judgment ("Summary Judgment Motion") and Sanctions ("Sanctions Motion"), filed on November 5, 2021 (DE [74]).  Plaintiff filed a Response on November 29, 2021 (the "Response") (DE [84]).  The Response fails to comply with the Court's Notice of Court Practice (DE [4]) because it is not double-spaced.  Defendants filed a Reply on December 20, 2021 (the "Reply") (DE [107]).  The Summary Judgment Motion is ripe for this Court's consideration.

**I.  BACKGROUND**

    This is an action to recover unpaid overtime wages under the Fair Labor Standards Act.  Plaintiff and his brother are longstanding employees of Robert and Maria Zamora (DE [73] ¶ 2).  The Zamoras own a home in Miami but spend most of their time outside of the United States managing Lafise Corp., a financial conglomerate that operates financial institutions across Latin America. *Id.*  Plaintiff worked at the Zamora's Miami residence from approximately 2004 to 2021. *Id.* ¶ 4.  Plaintiff's job responsibilities included

washing house windows, occasionally shining their boats, and washing their cars. *Id.* Plaintiff would also drive the Zamoras to and from the airport. *Id.* Plaintiff never worked for, nor received any compensation from, Lafise Corp. *Id.* ¶ 22.  In March 2021, while the present action was pending, Plaintiff stopped going to work. *Id.* ¶ 4.

Plaintiff and the Zamoras had a longstanding agreement that Plaintiff was to work 57 hours per week, which included regular compensation of $9.62/hour for 40 hours and overtime compensation of $14.43/hour for the 17 overtime hours. *Id.* ¶¶ 6–8. Because the Zamoras spent most of their time abroad, they often could not verify whether Plaintiff actually worked the agreed-upon 57 hours per week. *Id.* ¶ 14.  Nevertheless, the Zamoras assumed Plaintiff did so and always paid him for 57 hours of work per week (including regular and overtime compensation). *Id.*  When Plaintiff worked more than 57 hours in a week, the Zamoras paid him overtime for those additional hours at the same overtime rate. *Id.* ¶ 10.  Plaintiff signed or acknowledged receipt of his payments by check or wire transfer. *Id.* ¶ 20.  At no point did Plaintiff ever express to the Zamoras nor anyone else that they had failed to pay him overtime. *Id.* ¶ 16.  In fact, Plaintiff admitted to Mrs. Zamora that he was not owed any overtime but sued them, after seeing a television advertisement for Mr. Zidell's law firm, to obtain a large payment that would allow him to return to Honduras and lead a comfortable life. *See* Ex. B: Mrs. Zamora Dep. at 83:6-24; 86:6-25 (DE [68-3]); Ex. A: Guevara Dep. at 58:6-12 (DE [72-1]).

II. **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S.

650, 656–57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a));[1] *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  An issue is "genuine" if a reasonable trier of fact, viewing all the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof.  *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014).  And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case."  *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004).  "[W]here the material facts are undisputed and do not support a reasonable inference in favor of the non-movant, summary judgment may properly be granted as a matter of law."  *DA Realty Holdings, LLC v. Tenn. Land Consultants*, 631 Fed. Appx. 817, 820 (11th Cir. 2015).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor.  *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014).  However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf."  *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).  "[T]his, however, does not mean that we are constrained to accept all the nonmovant's factual characterizations and legal arguments."  *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).

### III. **DISCUSSION**

---

[1] The 2010 Amendment to Rule 56(a) substituted the phrase "genuine dispute" for the former "'genuine issue' of any material fact."

"In order to be eligible for FLSA overtime . . . an employee must first demonstrate that he is 'covered' by the FLSA" through "individual coverage" or "enterprise coverage." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). "[A]n employee may claim individual coverage if he regularly and directly participates in the actual movement of persons or things in interstate commerce." *Id.* (citing *Thorne v. All Restoration Servs., Inc.* 448 F.3d 1264, 1266 (11th Cir. 2006) (cleaned up)). "[A]n employee is subject to enterprise coverage if he is employed in an enterprise engaged in commerce or in the production of goods for commerce . . . ." *Josendis*, 662 F.3d at 1298–99 (cleaned up). Plaintiff is employed by the Zamoras and has never worked for Lafise Corp. (DE [73] ¶ 22). Thus, individual coverage is the only conceivable basis for Plaintiff to be covered by the FLSA.

Individual coverage requires that an employee is "directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne*, 448 F.3d at 1266 (citing 29 C.F.R. § 776.23(d)(2); 29 C.F.R. § 776.24). *See, e.g.*, *McLeod v. Threlkeld*, 319 U.S. 491, 493–98 (1943) (finding plaintiff was not engaged in interstate commerce when he merely cooked and cleaned for railroad workers). Moreover, an employee is "engaged . . . in the production of goods for commerce" only if his "work is closely related and directly essential to the production of goods for commerce." *Thorne*, 448 F.3d at 1268 (citing 29 C.F.R. § 776.18).

Here, Plaintiff was a purely domestic employee who cleaned and maintained the Zamoras' Miami residence. *See* Motion, at 10–11. Plaintiff admitted in response to

4

Defendants' Request for Admissions that he did not travel, send emails, fly in planes or travel in trains, or send or receive bank transfers in connection with work. *Id.* Rather, Plaintiff cleaned windows, boats, and cars at the Zamoras' home. *Id.* at 11. Moreover, the fact that Plaintiff may have used cleaning products that traveled in interstate commerce is of no consequence because "[w]hen goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act." *Thorne*, 448 F.3d at 1276. *See Martinez v. Palace*, 414 F. App'x 243, 246–47 (11th Cir. 2011) (finding restaurant cook not individually covered by FLSA even though he handled food and goods that came from out of state); *Navarro v. Broney Auto Repairs, Inc.* 314 F. App'x 179, 180 (11th Cir. 2008) (finding employee not individually covered by FLSA where he was "hired to collect motor parts . . . from local auto parts stores and to use the parts to repair foreign and domestic vehicles" because the "parts were removed from the flow of interstate commerce when they arrived at the auto parts stores."). Accordingly, because neither enterprise nor individual coverage applies, Plaintiff is not covered under the FLSA.

Even if Plaintiff was covered under the FLSA, he has failed to state a claim for overtime payment. An "FLSA plaintiff must demonstrate that (1) he or she worked overtime without compensation and (2) the [employer] knew or should have known of the overtime work." *Allen v. Bd. Of Public Educ. For Bibb Cty.*, 495 F.3d 1306, 1314–15 (11th Cir. 2007). The FLSA generally requires employers to pay employees overtime compensation, at a rate not less than one-half times the regular rate, for any amount of work in excess of 40 hours per week. *See* 29 U.S.C. § 207(a)(2).

Applied here, there are no facts in the record to suggest that Plaintiff was not

5

compensated for overtime work. *See* Motion, at 6–7.  The undisputed facts show the Zamoras generally paid Plaintiff $630 per week for 57 hours of work per week.  This number reflects 40 hours at the standard rate of $9.62/hour and 17 hours at the overtime rate of $14.43/hour (1.5x standard rate). *Id.*  And when Plaintiff worked more than 57 hours per week, it is undisputed that he received additional overtime compensation for those additional hours at the proper rate. *Id.* at 8.  Accordingly, the Court finds there is no genuine dispute that Plaintiff was paid for all regular and overtime hours worked.  Therefore, it is

    **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Summary Judgment and Sanctions (DE [74]) is **GRANTED in part and DENIED in part**.

    A. Defendants' Summary Judgment Motion is **GRANTED**.

    B. Defendants' Sanctions Motion is not ripe for this Court's consideration because "an attorney threatened with sanctions under § 1927 is entitled to a hearing." *Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007) (citing *Reynolds v. Roberts*, 207 F.3d 1288, 1302 (11th Cir. 2000)).  Accordingly, an **in-person hearing regarding the Sanctions Motion is set for <u>April 22, 2022 at 2:00 p.m.</u>**

    C. All other pending motions are **DENIED as moot**.

    **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 8th day of April 2022.

                                                              RAAG SINGHAL
                                                               UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF