UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23658-CIV-SINGHAL

ARMANDO BANEGAS GUEVARA,
and all others similarly situated
under 29 U.S.C. § 216(b),

    Plaintiff,

v.

LAFISE CORP., LATIN AMERICAN
FINANCIAL SERVICES, INC.,
ROBERT ZAMORA SR., and
MARIA J. ZAMORA,

    Defendants.
_____/

## OPINION AND ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Clarification and/or Reconsideration of the Opinion and Order on Defendants' Motion for Summary Judgment and Sanctions, filed on April 12, 2022 ("Reconsideration Motion") (DE [120]). Defendants filed a Response on April 26, 2022 (DE [127]). Plaintiff filed a Reply on May 6, 2022 (DE [132]). A hearing was held on the Reconsideration Motion on Wednesday, May 18, 2022. The Motion is now ripe for this Court's consideration.

### I.   LEGAL STANDARD

#### A. Reconsideration

"'Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.'" *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). A motion for

reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). Furthermore, "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through – rightly or wrongly.'" *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "A motion for reconsideration is 'committed to the sound discretion of the district judge.'" *Garcon v. United Mut. of Omaha Ins. Co.*, 779 Fed. Appx. 595, 600 (11th Cir. 2019) (citations omitted).

### B. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a));[1] *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" if a reasonable trier of fact, viewing all the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "[W]here the

---

[1] The 2010 Amendment to Rule 56(a) substituted the phrase "genuine dispute" for the former "'genuine issue' of any material fact."

material facts are undisputed and do not support a reasonable inference in favor of the non-movant, summary judgment may properly be granted as a matter of law." *DA Realty Holdings, LLC v. Tenn. Land Consultants*, 631 Fed. Appx. 817, 820 (11th Cir. 2015).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015). "[T]his, however, does not mean that we are constrained to accept all the nonmovant's factual characterizations and legal arguments." *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).

## II.  DISCUSSION

### A.  FLSA Coverage

Upon further review of the record, Plaintiff is correct that FLSA coverage does apply because Plaintiff qualifies as a domestic service employee pursuant to 29 C.F.R. 552.99. As Plaintiff points out, Defendants conceded this conclusion in their Response to Plaintiff's Motion for Summary Judgment. *See* (DE [97], at 1 n.2) ("Because all parties agree that Plaintiff was a domestic service employee working at the Zamoras' residence, individual coverage applies to Plaintiff as a domestic service employee pursuant to 29 C.F.R. § 552.99."). 29 C.F.R. § 552.99 provides:

> Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in

3

activities in interstate commerce (S. Rep. 93–690, pp. 21–22).

§ 552.99 Basis for coverage of domestic service employees., 29 C.F.R. § 552.99. There is no genuine question Plaintiff qualifies under this provision. Plaintiff's job responsibilities included washing house windows, cleaning vehicles, cleaning and shining boats, among other domestic service job responsibilities. *See* (DE [73] ¶ 4). Therefore, to correct clear error, this Court finds that FLSA Individual Coverage does apply under the Domestic Service Employee regulation, and grants the Reconsideration Motion as to that point.

### B. Payment of Overtime Wages

Plaintiff asks this Court to reconsider its finding that Plaintiff was properly paid for all regular and overtime wages worked. *See* Reconsideration Motion, at 3 (DE [120]). Upon further review, it is evident the parties do not agree (i) whether Plaintiff was paid on an hourly basis in the first place, and if so, (ii) the amount of that hourly wage. According to Plaintiff, no hourly wage was ever agreed upon and Plaintiff was simply paid lump sum payments on a bi-monthly payment regardless of actual hours worked. *See* Reconsideration Motion, at 3 (DE [120]); (DE [69], at 14–20). According to Defendants, Plaintiff was generally paid an hourly wage of $9.62 per hour. *See* Defendant's Statement of Material Facts in Support of Motion for Summary Judgment (DE [73] ¶¶ 7–9). Defendants contend Plaintiff was scheduled to work 57 hours per week and was properly paid his regular hourly wage for the first 40 hours and the correct overtime wage for the remaining 17 hours worked. *Id.* And where Plaintiff worked in excess of 57 hours, Defendants assert, he was compensated additional overtime for those additional hours worked. *Id.*

It bears reiterating that "to prevail on a motion for summary judgment, the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed,

4

the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz*, 780 F.3d at 1050 (cleaned up). Moreover, a court is not "constrained to accept all the nonmovant's factual characterizations and legal arguments." *Beal*, 20 F.3d at 459. As the Plaintiff, Guevara has the burden to prove that (1) he worked overtime without compensation, and (2) defendant knew or should have known of the overtime work. *Allen v. Board of Public Educ. For Bibb County*, 495 F.3d 1306, 1314–15 (11th Cir. 2007). Thus, to survive summary judgment, Plaintiff must "offer more than a mere scintilla of evidence" that he worked overtime without compensation, and this Court is not "constrained to accept [Plaintiff's] factual characterizations" as to whether Plaintiff did in fact do so.

The parties do agree that Plaintiff was scheduled to work 57 hours per week and was paid for that scheduled work. *See* (DE [85] ¶¶ 6, 8). However, the parties disagree whether said payment properly included overtime wages. *Id.* ¶ 8. Plaintiff disagrees that he was paid an hourly rate of $9.62 and that his 17 overtime hours were paid at a time-and-a-half hourly rate of $14.43. *Id.* The Court finds that it is a close call whether the evidence Plaintiff references in the record to dispute this assertion amounts to "more than a mere scintilla of evidence." *See* (DE [85] ¶ 8). Plaintiff cites deposition testimony of Maria Zamora where she testified that she always paid Plaintiff for his scheduled work, even on occasions where he did not show up to work or was ill. (DE [68-4], P.27, L.2–12; P.26 L.13–25). Plaintiff cites to testimony of a Defendant company employee who testified that the Zamoras instructed him on the amount to be paid monthly to Plaintiff and Plaintiff's schedule. (DE [68-5], P.66, L.24–P.67, L.9). Plaintiff cites to testimony of another company employee who testified that he was unsure whether payments to Plaintiff were technically salary payments, but understood the payments were made to

5

Plaintiff as compensation for his work for the Zamoras. (DE [68-6], P.37, L.18–P.38, L.9). Plaintiff cites to testimony from yet another Defendant company employee who testified that Plaintiff was usually paid fixed amounts twice per month but did not recall whether Plaintiff was paid an hourly rate. (DE [68-7], P.44, L.20–P.45, L.13). Plaintiff cites to his own deposition testimony where he testified concerning an agreement to get an extra $500 every 15 days, (DE [68-8], P.27, L.9–15), testified that his hourly rate was $11 and that he received a salary, (DE [68-8], P.51, L.19–P.52, L.8), testified generally that he was paid a salary and not an hourly wage, (DE [68-8], P.129, L.7–P.130, L.10; P.130, L.22–P.131, L.7), and testified that he was paid the same salary regardless of hours worked, (DE [68-8], P.131, L.17–25; P.175, L.8–P.176, L.18). Plaintiff cites several hundreds of pages of paystubs reflecting payments he received from the Zamoras. (DE [68-20], P.1–207). These paystubs only included payments made to Plaintiff, did not contain information regarding hours worked, and varied in payment amount. *Id.* Finally, Plaintiff cites to his own declaration where he states he was paid a salary and was never aware of receiving any hourly wage. (DE [83-8] ¶¶ 3–4).

The distilled question then is whether any of the foregoing amounts to "more than a mere scintilla of evidence" that Plaintiff was not properly paid for his overtime work. None of the cited portions of the record contain any information regarding hours actually worked by Plaintiff. The only inferences the Court can glean are: (i) Mrs. Zamora testified she paid Plaintiff for scheduled work even when he did not in fact perform that work, (ii) company employees testified that payments were made to Plaintiff for work done for the Zamoras, but said employees did not know whether he was technically salaried or paid on an hourly basis, (iii) Plaintiff testified and declared that he was salaried and paid at a rate of $11 per hour and paid the same regardless of hours worked, and (iv) numerous

6

payments were made to Plaintiff over several years for his services to the Zamoras that varied in amount. Thus, ultimately, the only cited portions of the record that counter Defendants' assertion that Plaintiff was properly paid for all overtime hours worked is Plaintiff's own inherently self-interested testimony. And critically, this testimony appears to be undermined by other evidence in the record. As Defendants point out, Plaintiff's very own handwritten notes appear to show that he understood his overtime hourly rate to be approximately $15. See (DE [72-12], at 11) (Plaintiff noting his "Extra Time" worked and compensation owed, which comes out to $15/hour). Moreover, Plaintiff concedes that "some of Defendants' handwritten notes state Plaintiff was paid at $15 per hour for the hours in excess of 57 per week." (DE [85] ¶ 16). Stated differently, Plaintiff effectively concedes that he understood his overtime hourly wage was about $15. Thus, by logical and mathematical extension, Plaintiff necessarily understood his true regular hourly wage could not have been $11 as he had testified.[2]

To provide "more than a mere scintilla of evidence for its position . . . the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz*, 780 F.3d at 1050. The Court has carefully evaluated whether Plaintiff's inherently self-interested testimony, inconsistent with Plaintiff's own written statements and concessions, forms "more than a mere scintilla of evidence" to survive summary judgment. The Eleventh Circuit has held that "the self-serving and/or uncorroborated nature of an affidavit cannot prevent it from creating an issue of material fact" precluding summary judgment. *United States v. Stein*, 881 F.3d 853, 859 (11th Cir.

---

[2] Assuming that Defendants breached their record keeping duties under 29 C.F.R. § 516.2, this does not change the fact that Plaintiff must "prove[] that [he] has in fact performed work for which [he] was improperly compensated," and "produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Rafferty v. Denny's, Inc.*, 13 F.4th 1166, 1191 (11th Cir. 2021) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).

2018). However, the Court "[did] not mean to suggest that a self-serving and/or uncorroborated affidavit will always preclude summary judgment." *Id.* Under the "sham affidavit rule," a court may disregard an affidavit if the court finds "some inherent inconsistency between [the] affidavit and [deposition testimony]." *Tippens v. Celotex Corp.*, 805 F.2d 949, 953–54 (11th Cir. 1986). Where deposition testimony is not consistent with a prior declaration because the declarant "lack[s] certainty" about specific details asserted in the declaration, "[t]his is the type of inconsistency that [a party] should test through cross-examination at trial and allow the jury to weigh in determining the credibility of [the declarant]." *Allen v. Bd. of Pub. Educ. For Bibb Cty.*, 495 F.3d 1306, 1317 (11th Cir. 2007). In *Allen*, an FLSA case like here, the plaintiffs' deposition testimony only varied from their declarations to the extent that they lacked certainty about the number of hours worked and exact days worked. *Id.*

The present case presents a much different scenario from *Allen*. For one, we are confronted with Plaintiff's own writings, which contradict both Plaintiff's subsequent declarations *and* deposition testimony. But more crucially, the contradiction is not one of uncertainty or lack of recall but rather one of direct conflict of fact. The Court is aware of no Eleventh Circuit authority that addresses whether a plaintiff's self-serving, uncorroborated affidavits or testimony alone, and undermined by the plaintiff's previous writings, can survive the sham affidavit rule. Therefore, today this Court holds that where the only evidence in support of a plaintiff's claim is the plaintiff's own sworn statements (affidavit or deposition testimony), which are undermined by the plaintiff's prior writings, the plaintiff cannot survive summary judgment. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Clarification and/or Reconsideration of the Opinion and Order on

Defendants' Motion for Summary Judgment and Sanctions (DE [120]) is **GRANTED IN PART AND DENIED IN PART**. As discussed in section II. A. of this Order, the determination regarding FLSA coverage is reconsidered and altered. The conclusion on summary judgment is reconsidered and remains the same.

2. Defendant's Motion for Sanctions under 28 U.S.C. § 1927 is **DENIED**. For the reasons discussed in this Order and the persuasive arguments both parties presented both in their briefings and at the hearing, there is simply no reasonable basis to find Plaintiff's counsel to have "unreasonably and vexatiously" multiplied the proceedings.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 31st day of August 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF